STATE OF MAINE
LINCOLN, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2012-01

OSPREY LANDING, LLC, )
        Plaintiff, )
                )
                )
                )
        v.          )        **JUDGMENT**
                )
                )
THOMAS and JANET BLEVINS, )
        Defendants. )

Based on the evidence presented during trial on April 14 and 15, 2015, the court finds that the Plaintiff has established by a preponderance of the evidence that the right-of-way that crosses the Defendants' property includes the right to travel by vehicle. In making this finding, the court has determined that the deed is ambiguous and has considered extrinsic evidence. The evidence that the court most relies on to make its finding is the topography of the land; the ten foot width of the right-of-way; and the letter from Sterling Nelson dated September 26, 1959.

In considering the circumstances at the time that John Pierce reserved the right-of-way across the property now owned by the Defendants, the court considers the topography of the land retained by the grantor to be significant evidence that he intended to retain the right to travel by vehicle across the right-of-way. Due to the topography of the retained land, the right-of-way was the only reasonable access that the grantor had to the shore frontage of the retained property. The court believes that it is unlikely that the grantor of the right-of-way would have intended to limit his own access to the shorefront and to greatly impair the value of his retained land. Also, if the parties did not intend for the right-of-way to include vehicular access, it would not have been necessary for the right-of-way to be 10 feet wide. In addition, the 1959 letter written by Sterling Nelson, a party to the original transaction, is an indication that he did not believe the use of the right-of-way was limited to pedestrian traffic.

The Plaintiff has failed to establish that a permanent injunction against the Defendants should be entered. The court is satisfied that the Defendants will respect a final judgment of this court.

Judgment is entered for the Defendants on Count I of the Plaintiff's complaint. Judgment is entered for the Plaintiff on Count II of its complaint and the court enters a declaratory judgment that the Plaintiff's easement across the Defendant's property includes the right to travel by vehicle.

1

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: July 20, 2015

JUSTICE, MAINE SUPERIOR COURT

2